UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OUTSIDE LEGAL COUNSEL PLC,

    Plaintiff,

v.

Case No. 23-cv-10553
Honorable Linda V. Parker

TRANSPORTATION SECURITY
ADMINISTRATION,

    Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION (ECF NO. 10)

On March 8, 2023, Plaintiff Outside Legal Counsel PLC ("OLC") filed this action against Defendant Transportation Security Administration ("TSA"), claiming that TSA failed to produce records in response to OLC's request under the Freedom of Information Act ("FOIA"). Because TSA produced its response and responsive documents to OLC on July 13, 2023, TSA now moves to dismiss this action as moot pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (ECF No. 10.) The motion is fully briefed. (ECF Nos. 11, 12.) For the reasons that follow, the Court agrees that the claim asserted and relief sought in OLC's pleading (ECF No. 2) is moot and, therefore, that subject matter jurisdiction is lacking.

## Standard of Review

A motion to dismiss pursuant to Rule 12(b)(1) challenges the court's subject matter jurisdiction. "Rule 12(b)(1) motions to dismiss for lack of jurisdiction generally come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). TSA brings a factual attack.

A factual attack is "not a challenge to the sufficiency of the pleading's allegation, but a challenge to the factual existence of subject matter jurisdiction." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). When a factual attack, also known as a "speaking motion," raises a factual controversy, the district court must weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist." *Gentek Bldg. Prods.*, 491 F.3d at 330 (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). "In its review, the district court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts." *Id*. "[W]hen a defendant produces evidence challenging the factual existence of [subject matter jurisdiction], a plaintiff must generally prove [subject matter jurisdiction] with evidence, even at the motion-to-dismiss stage." *Harris v. Lexington-Fayette Urban Cnty. Gov't*, 685 F. App'x 470, 472 (6th Cir. 2017) (citing *Taylor v. KeyCorp.*, 680

2

F.3d 609, 613 (6th Cir. 2012); *Superior MRI Servs., Inc. v. All Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015)).

## Factual and Procedural Background

On January 1, 2023, OLC submitted a FOIA request to TSA through the agency's online portal. (ECF No. 2 at PageID. 15.) The request sought six categories of records concerning firearms seized at United States airports. (ECF No. 2 at PageID. 15-17 ¶¶ 10-12; ECF No. 2-1.)

TSA acknowledged receipt of OLC's request on January 3, 2023. (ECF No. 2 at PageID. 17 ¶ 13; ECF No. 2-2.) On January 18, TSA contacted OLC for clarification with respect to one of the requests. (ECF No. 2 at PageID. 17 ¶ 13; ECF No. 2-3.)

Approximately two months later, on March 8, OLC initiated this lawsuit claiming that TSA had violated the statute by failing to timely respond to OLC's FOIA request. (ECF No. 1.) OLC filed a First Amended Complaint the following day. (ECF No. 2.) Like the initial Complaint, OLC alleged in its amended pleading that TSA violated FOIA by failing to timely respond to OLC's FOIA request. (*See generally id.*) OLC sought the same relief in its initial and amended pleadings:

   a. Order TSA to promptly process and release all responsive records;
   b. Declare that TSA's failure to disclose the records requested by OLC

3

is unlawful;

c. Award OLC its litigation costs and reasonable attorney fees, if appropriate; and

d. Grant such other relief as the Court may deem just and proper.

(ECF No. 1 at PageID. 5-6 ¶ 27; ECF No. 2 at PageID. 19 ¶ 28.)

Approximately an hour and a half before OLC filed its First Amended Complaint, it received a communication from a TSA representative apologizing for the delay in responding to the FOIA request. (ECF No. 2 at PageID. 17 ¶ 17; ECF No. 2-5.) The representative informed OLC that its request was "still in the processing queue," and that TSA needed an estimated 30-45 additional days to process the request, but that "[t]he timeframe may be longer, but hopefully shorter." (*Id.*) The representative advised OLC that if it was "unhappy with this response regarding the delay" it had "the right to seek dispute resolution services from the Office of Government Information Services[.]" (*Id.*) Contact information to contact OGIS was provided. (*Id.*)

On July 13, 2023, TSA produced its final response and responsive documents to OLC. (ECF No. 9 at PageID. 61 ¶ 6; *Id.* at PageID. 63-67.) TSA located and produced certain records responsive to OLC's first and second requests but withheld certain portions of those records under FOIA exemptions (b)(3) and (6), 5 U.S.C. § 552. (ECF No. 9 at PageID. 64.) TSA explained that records identified as responsive to those requests "contain Federal Bureau of Investigations

4

(FBI) equities[,]" and, therefore, "these records were sent to the FBI for consultation . . .." (*Id*.) The FBI determined that portions of those records were exempt from FOIA under exemptions (b)(6) and (b)(7)(C). (*Id*.)

TSA further indicated that it had "no records responsive to aspects 3, 4, or 5" of OLC's request "as it does not maintain a centralized database as described in 3." (*Id*.) TSA explained that it "only refers firearms discovered during screening to law enforcement; it does not seize firearms." (*Id*.)

TSA conveyed that it had "no responsive records to aspect 6, as TSA follows DHS regulations utilizing a date of search cut-off date." (*Id*.) TSA cited to 6 C.F.R. § 5.4, which provides that "[i]n determining which records are responsive to a request, a component ordinarily will include only those records in its possession as of the date that it begins its search." (*Id.* (quoting 6 C.F.R. § 5.4).)

TSA concluded its response by informing OLC of the process for submitting a TSA or FBI administrative appeal. (*Id.* at PageID. 9.) TSA also indicated that OLC had the right to seek dispute resolution through OGIS. (*Id*.)

## Applicable Law and Analysis

FOIA's goal is "to open agency action to the light of public scrutiny." *Rimmer v. Holder*, 700 F.3d 246, 258 (6th Cir. 2012) (internal quotation marks and citations omitted). The statute requires "full agency disclosure unless information

5

is exempted under clearly delineated statutory language." *Id.* at 255 (internal quotation marks and citation omitted). Once a requester complies with agency regulations for filing and processing a FOIA request, the requester is entitled to receive agency records. 5 U.S.C. § 552(a)(3)(A). These requests must (1) "reasonably describe[] such records" and (2) be "in accordance with published rules stating the time, place, fees (if any), and procedures to be followed" for the release of the records. *Id.*

The agency from which records are requested must make the records "promptly available" to the requester unless an exception applies. *Id.* The time frame for the agency to respond is set forth in the statute. *See id.* § 552(a)(6)(A). An agency may redact or withhold a responsive record, however, if one of the statutory exceptions apply. *Id.* FOIA provides nine narrow exemptions. *Id.* § 552(b)(1)-(9). It is the agency's burden to demonstrate that withholding is justified. *Id.* § 552(a)(3)(A).

FOIA confers jurisdiction on federal courts "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B). The statute, therefore, authorizes lawsuits where an agency does not respond to a request within FOIA's mandated timelines, with relief limited to ordering production of records and enjoining the agency from withholding its records. *Id.*

However, once the agency responds to the request, a lawsuit seeking production becomes moot. *See GRMI, Inc. v. EEOC*, 149 F.3d 449, 451 (6th Cir. 1998) (concluding that "[o]nce the EEOC turned over everything in its possession related to [the] plaintiff's FOIA request, the merits of [the] plaintiff's claim for relief, in the form of production of information, became moot"); *see also Shapiro v. U.S. Dep't of Justice*, 40 F.4th 609, 615 (D.C. Cir. 2022) (finding the plaintiff's lawsuit moot and explaining that "[n]ow that the FBI has turned over all responsive documents, we lack authority to turn back the clock and compel the FBI to hand them over faster"); *Freeman v. Fine*, 820 F. App'x 836, 839 (11th Cir. 2020) (citing *Chilivis v. S.E.C.*, 673 F.2d 1205, 1209-10 (11th Cir. 1982)) ("because Freeman received the documents requested, his FOIA claim is moot"); *Blanchard v. Exec. Office for the U.S. Attorneys*, No. 1:22-cv-0539, 2024 WL 218586, at *5 (W.D. Mich. Jan. 3, 2024) (collecting cases finding FOIA lawsuit moot due to the intervening, albeit untimely, production of documents). OLC in fact concedes that its request for TSA to promptly process its request is moot. (ECF No. 11 at PageID. 94.) Nevertheless, OLC asserts several arguments for why it believes the lawsuit, itself, is not moot.

First, OLC claims that it has suffered costs and expenses due to "this clear FOIA gamesmanship." (*Id.*) Next, it argues that "[a] challenge is not moot when there are allegations of an agency following an impermissible practice in

7

evaluating FOIA requests, and that it will suffer continuing injury due to this practice." (*Id*. (internal quotation marks omitted).)  Lastly, OLC maintains that TSA's failure to "release *all* responsive records" renders the lawsuit still ripe. (*Id*. at PageID. 96.)  These arguments do not persuade this Court that the action remains ripe for judicial review.

Starting with the last argument, OLC's First Amended Complaint does not challenge the exemptions asserted by TSA for failing to produce "all" records responsive to OLC's FOIA request. (*See generally* ECF No. 1.)  OLC did not move to amend its pleading to challenge TSA' production and asserted exemptions after OLC received TSA's July 13, 2023 response letter.  *See Texas Roadhouse, Inc. v. EEOC*, No. 3:14CV-00652, 2015 WL 925894, *4 (W.D. Ky. Mar. 3, 2015) (concluding that the lawsuit was moot due to the agency's production despite the plaintiff's claim that the production was insufficient, as the plaintiff failed to move to amend its complaint to state a claim that the agency wrongfully applied the statutory exemptions to redact and withhold responsive documents); *Miller v. Fed. Elections Comm'n*, No. 1:12-cv-242, 2013 WL 4243044, at *4-5 (S.D. Ohio Aug. 15, 2013) (dismissing FOIA action as moot where agency responded to the plaintiff's request after the lawsuit was filed even though the plaintiff argued in response to the agency's summary judgment motion based on mootness FOIA's statutory exemptions were wrongfully applied).  Thus, any challenge to the

8

sufficiency of the production or the propriety of the exemptions TSA or the FBI invoked are not before this Court. Moreover, OLC must exhaust its challenges before asserting them here. *See Texas Roadhouse*, 2015 WL 925894, at *5 (citing *Miller*, 2013 WL 4243044, at *5) (concluding that "where an agency responds to a FOIA request during the pendency of the litigation . . . the plaintiff first should appeal administratively to the agency its decision to redact and withhold certain responsive documents pursuant to statutory exemptions"); *See also Muset v. Ishimaru*, 783 F. Supp. 2d 360, 372 (E.D.N.Y. 2011) (holding that "[t]he agency should be given the opportunity to use its expertise to review its initial exemption decisions and correct any errors prior to a review by the Court"); *Ruza v. Consumer Fin. Protection Bureau*, No. 1:200cv-1113, 2021 WL 1342459, *2-3 (W.D. Mich. Mar. 18, 2021), *report and recommendation adopted*, 2021 WL 1341646 (W.D. Mich. Apr. 9, 2021) (finding that the court lacked subject matter jurisdiction over the plaintiff's FOIA action where the agency produced records during the pendency of the lawsuit and the plaintiff had not exhausted administrative remedies to challenge the production).

In its pleadings, OLC also does not accuse TSA of "following an impermissible practice" with respect to FOIA requests generally. (*See generally* ECF No. 1.) Nor does OLC allege that TSA has a "policy or practice" of denying the public access to information. Even if OLC included such an assertion, there

are no facts alleged to render such a threadbare claim plausible. OLC's assertion in its response brief that a live controversy remains based on such a policy or practice is, therefore, without merit. The claim OLC has alleged in this lawsuit relates only to the timeliness of TSA's response to OLC's January 1, 2023 FOIA request.

OLC's fee request does not preclude this lawsuit from being moot, either. FOIA permits an award of "reasonable attorney fees and other litigation costs incurred in any case under [the statute] in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). A plaintiff "substantially prevail[s]" if the plaintiff obtains relief through "(I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." *Id.* § 552(a)(4)(E)(ii). The question is whether the litigation caused the agency to release the documents obtained. *See, e.g., GMRI*, 149 F.3d at 451-52 (explaining that, even without a court order, a plaintiff "will have substantially prevailed if it demonstrates that the prosecution of the lawsuit was reasonably necessary to obtain requested information, and that the existence of the lawsuit had a causative effect upon the release of that information"); *Grand Canyon Tr. v. Bernhardt*, 947 F.3d 94, 97 (D.C. Cir. 2020).

10

Nevertheless, "[t]he issue of fees and costs is ancillary to the underlying action . . . ." *GMRI*, 149 F.3d at 451 (internal brackets, quotation marks, and citation omitted). Thus, this Court can find the lawsuit moot, but still consider whether OLC is entitled to attorney's fees and costs under FOIA for bringing it. The issue of OLC's entitlement to an award has not been briefed, however, and the Court cannot resolve the issue on the record before it. Accordingly, OLC may file a post-judgment motion requesting an award, if it continues to seek such relief.

## Conclusion

For the reasons stated, this lawsuit is now moot. Therefore, the Court is **GRANTING** TSA's motion to dismiss (ECF No. 10). If OLC is seeking reasonable attorney's fees and costs, it shall file a motion for such an award within the time limits of Federal Rule of Civil Procedure 54(d).

**SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: September 30, 2024