UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OUTSIDE LEGAL COUNSEL PLC,

       Plaintiff,

                                        Case No. 23-cv-10553

v.                                    Honorable Linda V. Parker

TRANSPORTATION SECURITY
ADMINISTRATION,

       Defendant.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S "MOTION FOR AWARD OF $402 IN COSTS AND TO PRESERVE WHETHER *FALCONE* SHOULD BE OVERRULED" (ECF NO. 15)

On March 8, 2023, Outside Legal Counsel PLC ("OLC") , a Michigan-based private law firm, filed this action against the Transportation Security Administration ("TSA"), claiming that TSA failed to produce records in response to OLC's Freedom of Information Act ("FOIA") request.  OLC has proceeded pro se in this litigation through lawyer Philip Ellison.  On September 30, 2024, this Court granted TSA's motion to dismiss the action as moot because TSA had produced its response and responsive documents to OLC on July 13, 2023.  (ECF No. 13.)

The matter is now before the Court on OLC's motion for an award of the $402 fee it paid to file the action.  Although recognizing that an award of attorney's

fees is precluded by the Sixth Circuit Court of Appeals' decision in *Falcone v. IRS*, 714 F.2d 646 (1983), OLC maintains that *Falcone* should be reversed.  OLC therefore also asks this Court to find its challenge to *Falcone* preserved for future action by the en banc appellate court.  TSA opposes the motion, arguing that OLC cannot establish its eligibility for an award of costs or fees and that the equity factors do not favor an award.  (ECF No. 16.)  In reply, OLC asserts that, because "TSA flouted <u>and broke</u> federal law" by taking longer than twenty days to respond to OLC's FOIA request, at least an award to OLC of its filing fee is warranted. (ECF No. 17.)

### Applicable Law

Under FOIA, "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed."  5 U.S.C. § 552(a)(4)(E)(i).  Courts apply a two-part test when deciding whether to award fees and costs.  *GMRI, Inc. v. EEOC*, 149 F.3d 449, 451 (6th Cir. 1998) (citations omitted).

First, courts consider whether the plaintiff has "substantially prevailed."  *Id.* FOIA provides that "a complainant has substantially prevailed if the complainant has obtained relief through either—(I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by

2

the agency, if the complainant's claim is not insubstantial." 5 U.S.C.

§ 552(a)(4)(E)(ii). A plaintiff who did not obtain relief through an order,

agreement, or decree, must "demonstrate[] that the prosecution of the lawsuit was

reasonably necessary to obtain requested information, and that the existence of the

lawsuit had a causative effect upon the release of that information." *GMRI*, 149

F.3d at 452 (citations omitted).

Second, courts balance equitable considerations. *Id.* at 451. The Sixth

Circuit has advised district courts to "consider at least the following factors: '(1)

the benefit to the public deriving from the case; (2) the commercial benefit to the

complainant and the nature of its interest in the records; and (3) whether the

agency's withholding of the records had a reasonable basis in law.'" *Id*. at 452

(quoting *Detroit Free Press, Inc. v. Dep't of Justice*, 73 F.3d 93, 98 (6th Cir. 1996))

(brackets omitted).

## Analysis

OLC relies on its assertion that TSA took "meaningful action" on OLC's

FOIA request only after this lawsuit was filed to demonstrate that "the lawsuit was

reasonably necessary to obtain requested information, and that the existence of the

lawsuit had a causative effect upon the release of that information." OLC contends

the TSA has offered no explanation for "why it so grossly blew the federally

required deadline." In response, however, TSA offers a lengthy explanation for the

delay, supported by a declaration from its FOIA Officer, Teri Miller.  (*See generally* ECF No 16; ECF No. 16-1.)

Specifically, TSA explains that, after receiving OLC's FOIA request, which Ellison submitted on January 1, 2023, it worked diligently to provide a final response by following its usual three-step process.[1]  (ECF No. 16-1 at PageID. 293 ¶ 7.)  Two days after the request was submitted, FOIA acknowledged its receipt.  (*Id.*)  Fifteen days later, TSA followed up with Ellison to seek clarification regarding one aspect of the request.

Less than a week later, TSA began searching for and collecting potentially responsive material.  (*Id.*)  At that point, the request was placed in TSA's processing queue for a line-by-line review of information in any responsive records to determine whether: (a) information was subject to redaction pursuant to FOIA Exemptions, 5 U.S.C. § 552(b); (b) a review for Sensitive Security Information

---

[1] As Miller explains, TSA first views requests to determine whether they are a perfected request, meaning "a request for records that reasonably describes such records, and is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed.  (ECF No. 16-1 at PageID. 291 ¶ 4.) TSA may seek clarification and/or more specificity at this step.  (*Id.*)  Next, if the request is perfected, TSA conducts a search for and collects potentially responsive records.  (*Id*. at PageID. 292 ¶ 4.)  Third, TSA evaluates any records returned in response to a FOIA request for potentially responsive material and conducts a line-by-line review to identify Sensitive Security Information or information subject to redaction under the statute, and to release all non-exempt information.  If, at this step, it is determined that outside agencies have equities in the information, a determination also must be made as to whether a referral or consultation with those agencies is required.  (*Id.*)

(SSI) should be conducted; and (c) any agencies outside of TSA have equities in the information, necessitating a referral or a consultation prior to production.  (*Id*. at PageID. 292-93 ¶¶ 4, 7.)

TSA processes requests in the queue on a first-in, first-out basis based on complexity, and may categorize requests as "simple" or "complex."  (*Id.* at PageID. 292 ¶ 5.)  In 2023, when OLC's request was submitted and processed, TSA experienced a significant backlog of requests due to a substantial increase in the number of FOIA requests from fiscal year 2022 (966) to fiscal year 2023 (1,362). (*Id*.)

Ellison sought a status update from TSA's FOIA Office on March 5, 2023. (*Id.* at PageID. 293 ¶ 8.)  TSA responded on March 9.  (*Id.*; *see also* ECF No. 11-6.)  In the response, TSA informed Ellison that OLC's request was in the processing queue, TSA was working on it as quickly as possible, and estimated an additional 30-45 days for processing.  (ECF No. 11-6 at PageID. 119.)  TSA's FOIA Office was unaware of the lawsuit when it sent this correspondence, and it did not learn of the lawsuit until March 30.  (ECF No. 16-1 at PageID. 293 ¶ 9.)

According to TSA, the processing of OLC's request was complicated by the fact that responsive records contained SSI, requiring a review by its SSI Program Office for a line-by-line review and redaction of SSI contained therein.  (*Id.* at PageID. 294 ¶ 10.)  Processing was further complicated because responsive records

contained Federal Bureau of Investigation (FBI) equities, requiring TSA to send records to the FBI for consultation.  (*Id.*)

TSA issued the final response and redacted records on July 13, 2023, once the above-described steps were completed.  (*Id.* at PageID. 294-95 ¶¶ 11-13.) Miller declares:

> TSA did not change its position with regard to the processing of the FOIA Request after [OLC] filed its lawsuit.  It continued the first-in, first-out processing it began before it learned about the lawsuit and continued its efforts until all responsive records were processed, and all non-exempt information was released.  Any delay in production was due to the SSI review, the consultation with the FBI, and the need for line-by-line review of the records and application of redactions to exempt information.

(*Id*. at PageID. 294-95 ¶ 13.)

OLC offers nothing in response to this explanation other than a strongly worded assertion that TSA failed to comply with the statute's timeline.  This does nothing to show that this lawsuit was "reasonably necessary to obtain [the] requested information," and that it "had a causative effect upon the release of that information[.]"  Nor does OLC make any attempt to address the equitable factors the Court must consider before assessing attorney fees or other litigation costs against the United States.  When a party leaves "[i]ssues . . . adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation," the issues are deemed waived or forfeited.  *Buetenmiller v. Macomb Cnty. Jail*, 53

F.4th 939, 946 (6th Cir. 2022) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)).

For these reasons, OLC fails to demonstrate that it is a prevailing party or that a balance of equitable considerations warrant an award under § 552(a)(4)(E)(i). Therefore, even if *Falcone* was incorrectly decided, OLC would not be entitled to an award of its attorney's fees, either. But, of course, this lower court is bound by the Sixth Circuit's decision and may not opine on whether it was correctly or incorrectly decided. As OLC recognizes, that is a decision for the Sixth Circuit sitting en banc. Whether OLC has preserved its *Falcone* challenge is also a decision for the appellate court.

Accordingly,

**IT IS ORDERED** that Plaintiff Outside Legal Counsel PLC's motion for costs (ECF No. 15) is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 11, 2025